Overton J.
 

 delivered the following opinion of the court,
 

 In this case, the record shows, that Netherton commenced the action of debt and declared on the penalty of a bond, to
 
 *327
 
 which Robertson pleaded payment-covenants performed, and
 
 plene administravit, on
 
 each of which, an issue was joined. On the last trial in the circuit court, the jury was sworn and gave a verdict on the issue formed on the plea of payment only; the court was applied to for a new trial, which it refused, and gave judgment for Netherton. One error assigned, and relied on, is, that until the other two issues were tried, it was erroneous to give judgment.
 

 It is an action of debt issues were joined on the pleas of payment, covenants performed and plene administravit. The jury render a verdict, on one of the issues without noticing the others, it is erroneous.
 

 The judgment of the court, ought always to be the conclusion of law upon facts, either admitted by the parties, or found by the proper tribunal. In this case, three points were in dispute between the parties. First, whether the debt was paid or not. Second, whether the covenant, or rather, condition, was complied with or not. Third, whether Robertson had fully administered. One of these facts was ascertained by the jury, to
 
 wit;
 
 that this debt was
 
 not paid;
 
 the other two, are still in dispute and undecided; and no man can tell, what is the truth respecting them. Until they shall be ascertained one way or the other, it is impossible to tell what the conclusion of law or judgment will be. The judgment rendered by the circuit court, is therefore erroneous, must be reversed, and a new trial had on the plea of payment, at which time the other two issues must be tried likewise.
 

 It has been said, these proceedings ought
 
 to be
 
 reversed from the foundation; because a
 
 capias ad respondendum
 
 ought not to have issued, but a summons. We think otherwise. The act of 1794 c. 1. s. 11, shows clearly, that a
 
 capias
 
 may issue against executor or administrator, but when served, no bail is required, nor can the defendant be arrested or confined. It has been again said, this cause is discontinued because no continuance was entered at March term, 1813, but a continuance at Sept. term 1812 until Sept. term, 1813. Upon examining this record, it seems, this was by the consent of the parties, and they both afterwards proceeded, and went to trial in the cause
 
 ;
 
 neither of them were injured by this matter, and the judgment ought not to be reversed on this account. It is not like a continuance by the court, where the parties were unwilling.
 

 Two other errors are assigned, which it seems to us are well founded. But if reversed on account of either of them, the judgment would be corrected, and a proper judgment rendered, and as we are of opinion the judgment must be reversed on account of the first error mentioned, it is rendered unnecessary to make any correction of a judgment which is erroneous to the whole extent of those errors.